IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDSON FURTADO | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-07-2668 |
| STATE OF MARYLAND and STATE ATTORNEY OFFICE | : | |
| | : | |
| Defendants | | |

o0o
**MEMORANDUM OPINION**

The above-captioned civil rights Complaint was filed on October 2, 2007, along with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's motion will be granted. For the reasons that follow the Complaint must be dismissed.

This marks the second attempt by Plaintiff to sue for civil damages those whom he feels have conspired to manufacture a criminal case against him. Paper No. 1. Previously the undersigned dismissed Plaintiff's claim, finding:

> Monetary damages for alleged constitutional rights violations occurring in the course of criminal prosecution are unavailable unless and until the conviction is reversed, expunged, invalidated, or impugned. See Heck v. Humphrey, 512 U. S. 477, 487 (1994). The instant case concerns a criminal case that has not yet resulted in a conviction, but the rationale of Heck still applies. To entertain Plaintiff's claims that his due process rights have been violated by Maryland authorities would disrupt a pending state case and obviate the need for appellate review. To the extent Plaintiff's intent is to challenge the legality of his current confinement, his remedy does not include a federal civil rights claim for monetary damages. Plaintiff's claims for damages cannot be entertained by this court unless he has first successfully challenged his criminal conviction. In the event that the state courts agree with his assessment of the criminal proceedings against him and, as a result, orders his release and expungement of the charges against him, he may re-file his constitutional claim for damages at that time.

*See Furtado v. Reid*, Civil Action No. RWT-07-1504 (D. Md. 2007) at Paper No. 8.

There is no allegation in the pending Complaint that Plaintiff's criminal charges have been

resolved in his favor and an order of expungement issued. Consequently, the Complaint must be dismissed without prejudice.

    A separate order follows.

Date: 10/12/07

                        /s/
                ROGER W. TITUS
    UNITED STATES DISTRICT JUDGE